ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 4 2006

at 3 o'clock and 30 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 03-00537 HG |
|---|---|
| Plaintiff, | ) MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) |
| KENNETH VANGEL, | ) Date: February 14, 2006 |
| Defendant. | ) Time: 2:45 p.m.<br>) Chief Judge: Helen Gillmor |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, KENNETH VANGEL, and his attorney, Birney B. Bervar, Esq., have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with four counts alleging violations of Title

18, United States Code, Section 1341.

    2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

    3. Defendant fully understands the nature and elements of the crime with which he has been charged.

    4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment, which alleges a violation of Title 18, United States Code, Section 1341, mail fraud. The prosecution agrees to move to dismiss the remaining counts of the Indictment as to Defendant after sentencing.

    5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

    6. Defendant enters this plea because he is in fact guilty of mail fraud as charged in the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

    7. Defendant understands that the penalties for the offense to which he is pleading guilty include:

        a. up to 20 years imprisonment and a fine of up to $250,000, plus a term of supervised release of at least two years but not more than three years as to each count,

        b. restitution pursuant to Title 18, United

States Code, Section 3663, to the Honolulu Marathon Association in the amount of $47,552.50.

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

    8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

    a. From on or about September 23, 2002, and continuing through on or about May 1, 2003, in the District of Hawaii and elsewhere, the Defendant devised a scheme to defraud and obtain money from the Honolulu Marathon Association ("HMA"), by means of materially false and fraudulent representations and promises. During the time of his fraudulent activities, the Defendant was fully aware and well knowing that the representations he was making to HMA were false.

    b. Early in the scheme, the Defendant

fraudulently represented to HMA that he was an agent of the musician Van Morrison and that he was able to contract on Morrison's behalf, to arrange a concert for HMA in Hawaii, on December 12, 2003. The Defendant was fully aware that he was not then or ever a representative for Van Morrison in the United States and did not have the ability to secure those services.

  c. The Defendant informed HMA that for a payment of $47,552.50, he could guarantee the appearance of Van Morrison on December 12, 2003, when he knew he had no ability to secure Van Morrison's services.

  d. As part of his effort to carry out the scheme to defraud, the Defendant contacted HMA on or about October 1, 2002 and demanded they send him a cashier's check in the amount of $25,000, to be made payable to his company, Diversified Talent Services. The check was mailed by HMA and received by the Defendant who cashed it.

  9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

  10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and

4

Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. The loss to HMA was $47,552.50.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, there are no facts in dispute.

13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except

that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

      c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

    14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

    15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The

Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing

all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

    18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, November 7, 2005.

AGREED:

EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii

KENNETH VANGEL  
Defendant

RONALD G. JOHNSON  
Chief, Major Crimes

BIRNEY B. BERVAR, ESQ.  
Attorney for Defendant

LESLIE E. OSBORNE, JR.  
Assistant U.S. Attorney

9